IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KENNETH D. LACKEY, #1172130 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv689 |
| STEPHEN HURT, SR., ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Kenneth D. Lackey, a prisoner confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on December 27, 2010. On April 26, 2011, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Plaintiff testified as to the factual basis of his claims. Assistant Warden Dwayne Dewberry, Regional Grievance Supervisor Ginger Lively and Nurse Tara Patton attended the hearing and testified under oath about prison policies and information contained in the Plaintiff's prison records.

The Plaintiff complained that he was denied medication during a lockdown and denied certified copies of his inmate trust fund account statement. With respect to the first claim, the

1

Plaintiff testified that the Beto Unit was locked down in July 2010. On July 15, 2010, Defendant Turner was passing out medication, but she refused to give the Plaintiff his medication consisting of Ranitidine, Metformin, Glyberide and other diabetic medications. She told him that she was not delivering keep on person ("KOP") medications that were provided at the pill window. The Plaintiff testified that he did not receive the medication for a month and that he suffered for one and one-half months. When asked how he was harmed, the Plaintiff testified that he experienced acid reflux and was unable to eat much food. He added that he lost some weight, but he does not know how much weight he lost. He explained that he ate a lot of food from the commissary once the lockdown was lifted.

The Plaintiff attached a copy of the grievance he filed over the matter to his complaint. The response to the Step 2 grievance noted that his prescription for Ranitidine was reordered on July 8, 2010. He ran out of Glyburide on July 9, 2010. He ran out of Metformin on July 14, 2010. Defendant Turner indicated , in response, that she had already dispensed medication by the time the Plaintiff approached her on July 15, 2010. She had been told that the lockdown would be over at chow time, thus she told him he could pick up his KOP medications at the pill window at that time. KOP records reveal that he was provided Ranitidine and Metformin on July 18, 2010. The response acknowledged that the Plaintiff temporarily was not provided medications, but it was only a temporary problem.

Nurse Tara Patton testified under oath that the documentation of the medications dispensed during the lockdown was spotty. She also noted that Defendant Hurt, as the Medical Practice Manager, did not supervise medical staff. His job involved administrative duties, such as the scheduling of staff members.

The Plaintiff's second claim involved the problems he had obtaining certified copies of his inmate trust fund account statement required by both this Court and a Justice of the Peace. The Plaintiff testified that Defendant BeCraft refused to provide the statements unless required to do so by a court. The Plaintiff further testified that he had submitted a lawsuit about the deprivation of his property to the Justice of the Peace. He was eventually able to submit the inmate trust fund account statement to the Justice of the Peace, but his case was dismissed because the Justice of the Peace found that he could not prove his case. The Justice of the Peace refused jurisdiction over the matter. It is noted that the Plaintiff did not submit an inmate trust fund account statement when he filed this lawsuit, but he subsequently submitted a certified statement on January 14, 2011 (docket entry #7).

Regional Grievance Supervisor Lively testified that grievance records indicate that the Plaintiff did not receive the statements because he did not submit the correct open records request form. He was entitled to receive the statement once he submitted the correct form.

## Discussion and Analysis

The first issue that will be discussed concerns the Plaintiff's claim he was not given his medication. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). The Fifth Circuit made the following statement concerning medical personnel occasionally failing to provide an inmate with his medication: "The treatment may not have been the best that money could buy, and occasionally, a dose of medication may have been forgotten, but these deficiencies were minimal, they do not show an unreasonable standard of care, and they fall short of establishing deliberate indifference by the prison authorities." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

In the present case, the Plaintiff complained that Defendant Turner did not give him his medication during a lockdown on July 15, 2010. She told him that she was not delivering KOP medication that was available at the pill window. The response to the Step 2 grievance revealed that she was told that the lockdown was ending at chow time and that he could obtain his medication at the pill window at that time. The facts as alleged and developed do not provide a

4

basis for a potentially meritorious civil rights lawsuit. Defendant Turner's statement reveals that she thought he would be able to obtain his KOP medication later that day at the pill window. Her statement does not reveal a culpable state of mind of deliberate indifference. Also, a claim that she failed to provide medication on a single occasion comes within the scope of an occasional missed dosage, which does not provide a basis for a meritorious civil rights lawsuit in light of *Myweather v. Foti.* The Plaintiff noted that he had problems receiving the medication for a month, but he did not show that she was responsible for the lapse in his prescription. The claim lacks merit for the additional reason that the Plaintiff failed to show that he experienced substantial harm due to any delays in receiving medication caused by Defendant Turner. He experienced acid reflux and was unable to eat as much food as normal, but he failed to show substantial harm as a result of any deliberate indifference on the part of Defendant Turner.

The Plaintiff also complained that Medical Practice Manager Stephen Hurt, Sr., failed to supervise and maintain adequate medical management and care administration. Nurse Patton noted that Hurt is an administrator, but he does not supervise medical staff. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Hurt did not participate in any alleged acts of misconduct. He was sued because of his supervisory role, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection

between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied. The Fifth Circuit upheld the dismissal of a prison medical administrator since the inmate failed to show that the administrator was personally involved in the constitutional violation or that he could be liable in a supervisory role in *Guerroro-Aguilar v. Ruano*, 118 Fed. Appx. 832 (5th Cir. 2004). The Plaintiff has not shown that Hurt may be held liable as either a supervisor or because of his personal involvement in any constitutional deprivation.

The Plaintiff next complained he was not immediately provided certified copies of his inmate trust fund account statement. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* There is no constitutional violation when a prisoner has time to reprepare and file his legal document in a court despite impediments caused by officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

In the present case, the Plaintiff was temporarily denied certified copies of his inmate trust fund account statement. Nonetheless, he was eventually able to submit them in both this lawsuit and in his Justice of the Peace case. Neither lawsuit was dismissed due to a failure to submit an inmate trust fund account statement. The Justice of the Peace case was dismissed due to a finding that the Plaintiff could not prove his case and thus the court refused jurisdiction. Relief should be denied because the Plaintiff failed to show harm.

In conclusion, the Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

As a final matter, the Court notes that an identical Report and Recommendation (docket entry #18) was issued on April 27, 2011. The case was subsequently referred to the undersigned pursuant to 28 U.S.C. § 636(c). No objections were filed to the Report and Recommendation, thus this Order adopts the findings and conclusions therein. It is accordingly

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **24** day of **May, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE